IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

STEVE CURTIS                                                                                       PLAINTIFF

V.                                            CASE NO. 3:15-CV-3115

NUCOR CORPORATION                                                                      DEFENDANT

## OPINION AND ORDER

Currently before the Court are Defendant Nucor Corporation's ("Nucor") Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue (Doc. 5) and Memorandum in Support (Doc. 6), Plaintiff Steve Curtis's Response (Doc. 9), and Nucor's Reply (Doc. 10).  For the reasons given below, Nucor's Motion is **DENIED** as to the request for dismissal and **GRANTED** as to the request for transfer.

On October 21, 2015, Mr. Curtis initiated this lawsuit by filing his Complaint in the Circuit Court of Baxter County, Arkansas, alleging that Nucor—his former employer—violated his rights under the Arkansas Civil Rights Act and the Family and Medical Leave Act.  Nucor removed the case to this Court on November 25, 2015.  Six days later, on December 1, Nucor filed the instant Motion pursuant to Fed. R. Civ. P. 12(b)(3), arguing that this case should either be dismissed for improper venue under 28 U.S.C. § 1391(b), or transferred to the Eastern District of Arkansas for the convenience of the parties and witnesses under 28 U.S.C. § 1404(a).  Nucor's Motion is now ripe for decision.

The Court begins its analysis with the observation that—as Nucor more or less concedes in its Reply—because this case was properly removed from state court, section 1391(b) does not apply and venue is proper in this district under 28 U.S.C. § 1441(a).

1

*Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 – 66 (1953). Thus, the question before the Court is simply whether transferring this case to the Eastern District of Arkansas would serve "the convenience of the parties and witnesses" and be "in the interest of justice." 28 U.S.C. § 1404(a). "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 695 (8th Cir. 1997).

This Court has discretion under section 1404(a) "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). In so doing, the Court may consider additional factors, of which "there is no exhaustive list," beyond the convenience of the parties and witnesses or the interest of justice. *Terra Intern., Inc.*, 119 F.3d at 691. Among the additional factors sometimes considered are "the availability of judicial process to compel the attendance of unwilling witnesses, . . . the relative ease of access to sources of proof, the possibility of delay . . . , and practical considerations indicating where the case can be tried more expeditiously and inexpensively." *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Mo. 1985). In cases where, as here, the plaintiff is a resident of the forum district, a motion to transfer should be denied if the balance of relevant factors "is equal or only slightly in favor of the movant" or if a transfer "would merely shift the inconvenience from one party to another." *Id.* at 927 – 28.

Here, on the one hand, Nucor contends that (1) all of the events at issue took place in the Eastern District; (2) all of the witnesses—except Mr. Curtis's damages witnesses—live in or near the Eastern District; (3) many such witnesses will be located beyond this

Court's subpoena range for trial; (4) a majority of the documents and evidence can be found in the Eastern District; and (5) Mr. Curtis lives in Mountain Home, which is only eighty miles farther from Jonesboro (in the Eastern District) than from Harrison (in the Western District). Mr. Curtis counters, on the other hand, that (1) litigating in a foreign district is much more burdensome for a self-employed individual such as Mr. Curtis than for a large company such as Nucor; and (2) this Court is more likely to move this case along in an expeditious manner, as it has traditionally had a lighter caseload and faster docket than the Eastern District.

The Court, in turn, would note several things. First, although this case is in the Harrison Division, if this Motion were denied then the hearings and trial in this case would not be held in Harrison, but rather in Fayetteville, which is roughly the same distance from Mountain Home as Jonesboro is. Second, although this Court would not have any difficulty adopting a schedule roughly consistent with what is proposed in the parties' Joint Rule 26(f) Report (Doc. 12), this Court could only speculate, and simply has no way of knowing, how expeditiously the Eastern District could process this case. Furthermore, this case is still at such an early stage that a final case management order has not yet even been entered. It appears to the Court, then, that the Eastern District probably would not be any less convenient than the Western District for Mr. Curtis, and certainly would be much more convenient than the Western District for Nucor and almost all of the witnesses. Although Nucor's burden is substantial, it has been met.

**IT IS THEREFORE ORDERED** that Defendant Nucor Corporation's Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue (Doc. 5) is **GRANTED IN PART AND DENIED IN PART** as follows: the Motion to Dismiss is denied,

and the Motion to Transfer is granted.  The Clerk is directed to transfer this action immediately to the Eastern District of Arkansas.

      **IT IS SO ORDERED** on this 12th day of January, 2016.


                                                    _/s/ Timothy L. Brooks_
                                                    TIMOTHY L. BROOKS
                                                    UNITED STATES DISTRICT JUDGE