**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

STEVE CURTIS                                                                                                    PLAINTIFF

v.                                              No. 3:16CV00009 JLH

NUCOR CORPORATION                                                                                   DEFENDANT

**OPINION AND ORDER**

After missing four days of work, Steve Curtis was terminated by Nucor Corporation. Curtis commenced this action against Nucor, alleging interference and retaliation claims under the Family Medical Leave Act as well as disability retaliation under the Arkansas Civil Rights Act. Nucor has filed a motion for summary judgment, and Curtis has filed a cross motion for partial summary judgment. For the following reasons, Nucor's motion is granted.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The Court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be

drawn from the record. *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015). If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Id.*

On October 19, 2013, Curtis injured his knee while hunting in Pine Bluff, Arkansas. Document #26 at ¶ 3. He did not seek immediate medical attention but instead drove to his home in Mountain Home, Arkansas, the following day. *Id.* at ¶¶ 4-6. Curtis was scheduled to begin a four-day shift at Nucor on October 22, 2013. *Id.* at ¶ 9. He did not report for any of his shifts that week. *Id.* Each day that Curtis was scheduled to work, he notified various Nucor supervisors that he was not coming in to work due to his injury. Document #22-2 at 5. Nine days after his injury, on October 28, Curtis first received medical attention at the hands of Dr. Spencer Guinn in Jonesboro, Arkansas. Document #26 at ¶¶ 8, 11. Dr. Guinn diagnosed Curtis with "left knee pain," prescribed an anti-inflammatory medication that Curtis had already been taking, and instructed Curtis to wear a knee brace. *Id.* at ¶¶ 11, 13. Dr. Guinn did not clear Curtis to return to work until after January 1, 2014, but he noted that Curtis did not need a follow-up visit before then nor would he need more than one treatment visit per year due to the injury. Document #22-9 at 2-3. Within the first 30 days of his injury, Curtis did not receive any further treatment. Document #26 at ¶ 17.

After leaving his appointment with Dr. Guinn, Curtis drove to Nucor's mill in Blytheville, Arkansas, to deliver Dr. Guinn's note excusing him from work from October 28 until January 2014. Document #23 at ¶ 19. The note did not excuse Curtis for the four-day shift that began on October 22. *Id.* at ¶ 20. Curtis was observed walking from the parking lot to the human resources offices under his own power, without the use of a cane, crutches, or a wheelchair. *Id.* at ¶ 21. Nucor

provided Curtis with FMLA documentation, and, while at Nucor, Curtis filled out an FMLA application requesting leave. *Id.* at ¶¶ 22-24.  Nucor faxed Curtis's FMLA certification form to Dr. Guinn, and Dr. Guinn returned the form certifying that Curtis needed leave from work due to an incapacity—described as "no use of left lower extremity"—with an onset date of October 28, 2013. *Id.* at ¶¶ 25-29.  Because Nucor observed Curtis walking under his own power, it decided to obtain a second medical opinion. *Id.* at ¶ 30.  Nucor scheduled the appointment for November 12, 2013, in Memphis, Tennessee, and notified Curtis on November 11.  Document #22-2 at 13-14.  Curtis refused to go and did not show up for the appointment.  Document #23 at ¶¶ 32, 34.  Nucor then denied Curtis's request for FMLA leave and later terminated Curtis for his unexcused absences pursuant to its attendance policy. *Id.* at ¶¶ 36-37.

Curtis moves for summary judgment on his FMLA interference claim, and Nucor moves for summary judgment on all of Curtis's claims.  Although Curtis refers to his FMLA claims as "interference" and "retaliation" claims, Document #33, this Court will use the Eighth Circuit's labeling of "entitlement" and "discrimination" claims respectively. *See Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005-06 (8th Cir. 2012).  The FMLA is a federal statute that entitles eligible employees to twelve weeks of leave from work during any twelve-month period. 29 U.S.C. § 2612(a)(1).  It is unlawful for an employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]."  29 U.S.C. § 2615(a)(1).  This means that an employer cannot refuse an employee FMLA leave to which the employee is entitled nor can an employer discriminate against an employee in the terms and conditions of employment for exercising rights under the FMLA. *Pulczinski*, 691 F.3d at 1005-06.

The parties do not dispute Curtis's eligibility for FMLA leave. They do dispute his entitlement. An employee is entitled to FMLA leave if he suffers from "a serious health condition that makes the employee unable to perform the functions of the position of such employee." *Id.* at § 2612(a)(1)(D). Various health conditions qualify as serious. *See* 29 C.F.R. § 825.115. As relevant to this case, a condition requiring a certain level of treatment or a condition deemed chronic qualify as a "serious health condition." *Id.* at § 825.115(a), (c). Under section 825.115(a), a condition is serious if it requires treatment by a health care provider two or more times within thirty days of the onset of incapacity or if it requires treatment by a health care provider on at least one occasion and results in a regimen of continuing treatment under the supervision of a health care provider. Under either treatment plan, the first treatment must be in-person and take place within seven days of the onset of incapacity. *Id.* at § 825.115(a)(3). Under section 825.115(c), a condition is chronic if it (1) requires at least two visits per year for treatment by a health care provider, (2) continues over an extended period of time, and (3) may cause episodic rather than continuing incapacity.

Nucor argues that Curtis cannot demonstrate that he suffered from a "serious health condition," and, therefore, his claims fail as a matter of law. Curtis acknowledges that he "was treated one time during the first 30 days of his injury, over seven days after his injury," but he argues that the evidence, nevertheless, demonstrates that he suffered from a serious health condition under either 29 C.F.R. § 825.115(a) or (c). Document #26 at ¶ 17; Document #33 at 5. Relying exclusively on Dr. Guinn's order that he not return to work until January 2014, Curtis argues that he was entitled to provisional FMLA leave even if Nucor decided to exercise its right to request a second medical opinion. Curtis then argues that Nucor did not reasonably exercise its right when

it gave Curtis one-day's notice that he needed to drive over four hours to Memphis for a second opinion.  This unreasonable demand, Curtis contends, constituted an interference with his rights under the FMLA.  When Nucor terminated Curtis for violating its attendance policy, Curtis argues that Nucor discriminated against him for exercising his rights under the FMLA.

Curtis's argument puts the cart before the horse.  In order to succeed on his entitlement and discrimination claims, Curtis must establish that he was entitled to FMLA leave in the first place. *See Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 518 (8th Cir. 2015).  Even though Curtis argues in his brief that he met the one-doctor's-visit and continuing-treatment requirement and that "his second doctor's visit . . . qualifies as a second visit [within 30 days of incapacity]," he admits in his statement of facts not in dispute that he "was treated one time during the first 30 days of his injury, over seven days after his injury."  Document #25 at 3; Document # 26 at ¶ 17.  As noted, a serious health condition under section 825.115(a) requires treatment by a health care provider within seven days of the injury as well as treatment two or more times within thirty days of the injury.  Thus, Curtis cannot meet the treatment requirements.  He is, likewise, unable to demonstrate that he suffers from a chronic condition.  Dr. Guinn noted that Curtis's condition does not require "treatment visits at least twice per year," does not require "follow-up treatment appointments," and does not "cause episodic flare-ups periodically preventing the employee from performing his/her job functions."  Document #22-9 at 2-3.  These facts doom Curtis's FMLA claims.

The same is true of Curtis's disability retaliation claim under the Arkansas Civil Rights Act. The Arkansas Civil Rights Act is analyzed under the same framework as the Americans with Disabilities Act.  *See Battle v. UPS*, 438 F.3d 856, 860-61 (8th Cir. 2006); *see also* Ark. Code Ann. § 16-123-105(c).  Curtis alleges that Nucor retaliated against him "for taking accommodation in the

5

form of medical leaves." Document #3 at ¶ 16. An employee who engages in statutorily protected activity is protected from retaliation by an employer for engaging in that activity. *Lors v. Dean*, 746 F.3d 857, 867 (8th Cir. 2014). Here, Curtis has failed to demonstrate that he engaged in a statutorily protected activity. As discussed above, he was not entitled to FMLA leave.

## CONCLUSION

For the foregoing reasons, Nucor Corporation's motion for summary judgment is GRANTED. Document #22.

IT IS SO ORDERED this 13th day of February, 2017.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE